PITTSBURGH NEWSPAPER PRINTING
PRESSMEN'S UNION NO. 9,
Plaintiff,

v.

PITTSBURGH PRESS COMPANY, a
corporation, Defendant.

PITTSBURGH TYPOGRAPHICAL UN-
ION NO. 7, AFL-CIO, an unincorporat-
ed labor organization, by its President,
John Freigel, and Trustee ad Litem,
Plaintiffs,

v.

The PITTSBURGH PRESS COMPANY,
Defendant.

Civ. A. Nos. 72–384, 72–385.

United States District Court,
W. D. Pennsylvania.

June 6, 1972.

Lloyd F. Engle, Jr., Pittsburgh, Pa., for Pittsburgh Newspaper Printing Pressmen's Union No. 9.

Richard D. Gilardi, Pittsburgh, Pa., for Pittsburgh Typographical Union No. 7.

Charles R. Volk, Pittsburgh, Pa., for The Pittsburgh Press Co.

OPINION

GOURLEY, District Judge:

In these actions brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, plaintiffs in each case seek a preliminary injunction to restrain defendant from reducing the number of shifts to be worked by members of the respective plaintiffs' unions. Because of the close-

ly related factual and legal questions involved, although separate hearings have been held in each case, the most expeditious resolution of both matters will be made through disposition in one opinion.

In each case, the Court initially issued a Temporary Restraining Order which was extended for ten days whereby defendant was barred from instituting any changes in the number of shifts to be worked by members of Pressmen's Union No. 9 or from reducing the number of positions of the Typographical Union No. 7. At the suggestion of the Court, the parties voluntarily agreed to submit the issues to arbitration thereby waiving various steps in their respective grievance procedures required by their Collective Bargaining Agreements. Thus, the issue before the Court in each instance is whether the status quo under the contract should be maintained pending final arbitration.

■ It is certainly well established that the Court has no proper function to serve by interpreting the contract in any way. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Indeed, the meaning of terms of the contract as well as whether there is merit to a particular grievance must be left for determination of the arbitrator. United Steelworkers of America v. American Manufacturing Co., *supra*. An attempt by this Court to interpret terms of the Contract would essentially be delving into the merits of the particular case.

■■ This Court has had occasion to consider the question of maintaining status quo pending arbitration. See United Steelworkers v. Blaw-Knox Foundry & Mill Machinery Inc., 319 F. Supp. 636 (W.D.Pa.1970). Where proper circumstances exist, an injunction may issue requiring the parties to preserve the status quo pending the outcome of arbitration so that the national labor policy favoring arbitration can be effectuated and in order that neither party will be irreparably harmed. But the *Blaw-Knox* case does not stand for the proposition that an injunction requiring preservation of the status quo pending arbitration will issue in *all* cases. In addition to a reasonable likelihood of prevailing on the merits, there must be a showing of irreparable harm of one party without a demonstration of a substantial countervailing inconvenience to the other party. In *Blaw-Knox*, a work reduction posed a possibility of irreparable harm because a safety hazard may have been created thereby. In the present cases, the Court is convinced that no such likelihood of irreparable harm has been established. Indeed, if any wages will be lost as a consequence of defendant's action in either case, they can be recouped should the Unions receive a favorable award. On the other hand, the defendant will have been the recipient of unwanted and unnecessary services should an arbitration award be issued in its favor.

In view of these circumstances, it is the considered judgment of this Court that no preliminary injunction pending arbitration should issue. This position is buttressed by a recent Supreme Court decision holding that even the equitable defense of laches, a matter extrinsic to the arbitral process, must be submitted to the arbitrator. International Union of Operating Engineers, Local 50, AFL–CIO v. Flair Builders, Inc., 406 U. S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972). In light of *Flair, supra*, this Court would be treading upon ground reserved for the arbitrator if a preliminary injunction were issued requiring maintenance of the status quo in this case. This Court cannot and will not do so.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.